UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIGUEL RINCON HERNANDEZ,

    Petitioner,

v.                                                    Case No: 6:26-cv-166-JSS-LHP

LOUIS A. QUINONES, JR.,
IMMIGRATION AND CUSTOMS
ENFORCEMENT, ICE FIELD
OFFICE DIRECTOR FOR THE
ORLANDO FIELD OFFICE, and
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

    Respondents.
_____/

## ORDER

Petitioner has filed two motions: Emergency Motion to Order the Return of Petitioner to the Middle District of Florida (Dkt. 5) and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 6). Upon consideration, for the reasons outlined below, the court grants the motions by issuing a temporary restraining order (TRO) that requires Petitioner's return to this District and otherwise preserves the status quo in place when Petitioner initiated this case.[1]

---

[1] Although the court ordered Petitioner to "file a motion for [preliminary injunctive] relief in compliance with Federal Rule of Civil Procedure 65 and all applicable Local Rules, including Local Rules 1.08, 3.01, and 6.01 or 6.02 as appropriate," (Dkt. 3 at 2), the motions violate these rules in various ways, (*see* Dkts. 5, 6). For example, Local Rules 6.01 and 6.02 required Petitioner to file a proposed order with the motions, M.D. Fla. R. 6.01(a)(6), 6.02(a)(1), and the court ordered that "[t]he proposed order required by the Local Rules shall fully satisfy Federal Rule of Civil Procedure 65(d)," (Dkt. 3 at 2). However, Petitioner did not file any proposed order with the motions, let alone a proposed order fully satisfying Rule 65(d). "The court [i]s by no means obliged to overlook [the] violation[s] of the [L]ocal [R]ules." *See Reese v. Herbert*, 527 F.3d 1253, 1264 n.17 (11th Cir. 2008). That said, to "advance efficiency, consistency, convenience, and other interests of justice," M.D. Fla. R. 1.01(a), the court excuses the instant motions' noncompliance, *see* M.D. Fla. R. 1.01(b).

## BACKGROUND

On January 22, 2026, Petitioner initiated this case by filing a pleading titled Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Emergency Injunctive and Declaratory Relief. (Dkt. 1.) Petitioner requests his release from the custody of the United States Immigration and Customs Enforcement (ICE) asserting that he "is lawfully present in the United States, possesses a valid Florida driver['s] license, Social Security number, and employment authorization, and has a pending asylum application." (*Id*. at 3.) Petitioner further asserts that he "had valid and approved temporary protected status from 2021 to 2022." (*Id*.) Petitioner has submitted documentary evidence to support these assertions. (*Id.* at 8–39.) He maintains that his continued detention lacks probable cause, violates due process, and is otherwise unlawful absent a bond hearing. (*Id*. at 2–4.) Accordingly, he seeks the following relief: (1) a writ of habeas corpus directing his immediate release, (2) preliminary injunctive relief prohibiting Respondents from transferring him pending the resolution of this case, (3) a declaration that Petitioner's detention based solely on an ICE detainer is unlawful, and (4) expedited proceedings. (*Id*. at 5.)

When Petitioner initiated this case, he was being detained at the Orange County Jail. (*Id.* at 1.) However, on January 24, 2026, Petitioner notified the court that "ICE [had] transferred [him] without notice to counsel to Florida Soft Side South, an ICE detention facility operating under the Krome jurisdiction, located in Ochopee, Florida." (Dkt. 4 at 1–2.) The notice also stated: "Petitioner's family has reported that they have not been able to communicate with Petitioner since the transfer, further

demonstrating the prejudicial impact of the transfer while this habeas action is pending," and "counsel has lost communication with" Petitioner. (*Id.* at 2.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 65 governs TROs. *See* Fed. R. Civ. P. 65(b)–(d). The court cannot grant a petitioner's motion for a TRO without notice to the respondent unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the [petitioner] before the [respondent] can be heard in opposition" and the petitioner's "attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "Every [TRO] issued without notice must state the date and hour it was issued[,] describe the injury and state why it is irreparable[,] state why the order was issued without notice[,] and be promptly filed in the [C]lerk's [O]ffice and entered in the record." Fed. R. Civ. P. 65(b)(2). "The [TRO] expires at the time after entry—not to exceed [fourteen] days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the [respondent] consents to a longer extension." *Id.* The Supreme Court has explained that such ex parte TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).

Whether issued with or without notice, "every [TRO] must . . . state the reasons why it issued[,] . . . state its terms specifically[,] and . . . describe in reasonable detail—

and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Rule 65 further states: "The court may issue . . . a [TRO] only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained." Fed. R. Civ. P. 65(c); *accord* M.D. Fla. R. 6.01(a)(4) (requiring a TRO motion to "include . . . a precise and verified explanation of the amount and form of the required security"). However, the "court has [the] discretion to waive [the security] requirement imposed by Rule 65(c)." *Disability Rts. Fla., Inc. v. Jacobs*, 473 F. Supp. 3d 1335, 1340 (M.D. Fla. 2019) (citing *Baldree v. Cargill, Inc.*, 758 F. Supp. 704, 707–08 (M.D. Fla. 1990), *aff'd*, 925 F.2d 1474 (11th Cir. 1991)).

A TRO "is appropriate only if the movant demonstrates . . . '(1) a substantial likelihood of success on the merits[,] (2) that the [TRO] is necessary to prevent irreparable injury[,] (3) that the threatened injury outweighs the harm the [TRO] would cause the other litigant[s,] and (4) that the [TRO] would not be averse to the public interest.'" *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014) (quoting *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014)); *accord* M.D. Fla. R. 6.01(b). A TRO "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites." *Wall v. Ctrs. for Disease Control & Prevention*, 543 F. Supp. 3d 1290, 1292 (M.D. Fla. 2021) (alteration adopted and quotations omitted).

## ANALYSIS

Petitioner has demonstrated a substantial likelihood of success on the merits to

obtain a TRO. To begin, the court retains subject matter "jurisdiction over Petitioner's case notwithstanding the fact that he has been transferred out of this District." *See Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1280–82 (S.D. Ala. 2008) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)). Moreover, "[l]imitations like the Due Process Clause . . . restrict the Government's power to detain noncitizens," and "[c]ourts must review immigration procedures and ensure that they comport with the Constitution." *J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1334 (M.D. Ga. 2020) (citing *Demore v. Kim*, 538 U.S. 510 (2003)). As relevant here, courts have determined that noncitizens, like Petitioner, who are present in the United States, have obtained valid and approved temporary protected status, and have pending asylum applications, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Castillo Reyes v. Rose*, No. 25-7138, 2026 WL 75816, at *1 n.2, *3–6 , 2026 U.S. Dist. LEXIS 4325, at *2 n.2, *7–13 (E.D. Pa. Jan. 9, 2026) (concluding that the petitioner was detained under 8 U.S.C. § 1226(a) and entitled to habeas relief through a bond hearing, and noting that "[a]s of January 5, 2026, 308 judges have ruled against the Government's mass detention policy—ordering release or bond hearings in more than 1,600 cases—while just 14 judges have sided with the Government's position" (alterations adopted and quotation omitted)). Rather, these courts have held that such individuals are subject to detention under 8 U.S.C. § 1226(a) and are thus entitled to a bond hearing. *See id.* Based on Petitioner's allegations and the documentary evidence supporting them, his continued detention absent a bond hearing appears to be unlawful.

Petitioner has also shown that a TRO is required to prevent irreparable injury

because "the injury is immediate and is not compensable by monetary damages." *See Tiber Labs., LLC v. Hawthorn Pharms., Inc.*, 527 F. Supp. 2d 1373, 1381 (N.D. Ga. 2007) (quotation omitted). "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020) (cleaned up) (citing *Elrod v. Burns*, 427 U.S. 347 (1976)). As the motions contend, (*see* Dkts. 5, 6), allowing Petitioner, who appears to be unlawfully detained, to remain detained outside the Orange County Jail would frustrate the speedy resolution of this case such that Petitioner likely would be unlawfully detained without due process longer than he would otherwise. Petitioner has therefore shown that irreparable harm will occur if relief is not granted. Ordering Petitioner's return to the Orange County Jail and prohibiting his transfer therefrom is the equitable and expedient manner by which to limit and address Petitioner's ongoing detention.

In addition, Petitioner has established not only that his threatened injuries outweigh the harms that a TRO would cause Respondents but also that a TRO would serve the public interest. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "[N]o legitimate public interests [are] served by [Petitioner]'s unlawful detention. In fact, the public is better served by the faithful execution of immigration laws." *See Mejia v. Noem*, No. 2:25-cv-981-SPC-NPM, 2025 WL 3078656, at *3, 2025 U.S. Dist. LEXIS 217352, at *7 (M.D. Fla. Nov. 4, 2025) (citing *Tesfamichael v. Gonzales*, 411 F.3d 169, 178 (5th Cir. 2005), and *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013)).

The court waives the security requirement mentioned in Federal Rule of Civil Procedure 65(c), as it is unlikely that Respondents will sustain costs or damages because of this order. *See Saint Remy v. Bondi*, No. 3:26-cv-28-MMH-SJH, 2026 U.S. Dist. LEXIS 5322, at *3 (M.D. Fla. Jan. 12, 2026) ("[B]ecause there is no realistic likelihood of prejudice to [the r]espondents from the issuance of this limited restraint, the [c]ourt exercises its discretion to dispense with the requirement that [the petitioner] provide security[.]").

## CONCLUSION

Accordingly:

1. Petitioner's motions (Dkts. 5, 6) are **GRANTED** as set forth in this order.
2. The following TRO is **ENTERED**:

### TEMPORARY RESTRAINING ORDER

1. Respondents and those in privity with them are hereby **DIRECTED** to transfer Petitioner to the Orange County Jail and, once he is there, are **TEMPORARILY ENJOINED** from transferring Petitioner from the Orange County Jail **until further order of the court**.
2. Respondents shall respond in writing to the motions (Dkts. 5, 6) by **February 2, 2026, at NOON** and show cause why the court should not convert this TRO to a preliminary injunction.
3. The United States Marshal shall serve a copy of this order on Respondents today, **January 26, 2026**, and certify to the court that service has been effected.
4. No bond shall be required, as the court deems it unnecessary.

5. The court will consider this matter at a hearing to be set by separate notice.

6. The Clerk is **DIRECTED** to electronically send a copy of this order to the United States Attorney's Office in Orlando, Florida.

**ORDERED** in Orlando, Florida, at 12:45 PM ET, on January 26, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Office of the United States Attorney
400 W. Washington Street
Suite 3100
Orlando, Florida 32801

Kristi Noem, Secretary,
Office of the General Counsel,
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, D.C., 20528

Garrett Ripa, Miami Field Office Director,
United States Immigration and Customs Enforcement
865 SW 78th Avenue
Suite 101
Plantation, Florida 33324

USAFLM.Orlando2241@usdoj.gov