UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIGUEL RINCON HERNANDEZ,

     Petitioner,

v.                                                                    Case No: 6:26-cv-166-JSS-LHP

LOUIS A. QUINONES, JR.,
IMMIGRATION AND CUSTOMS
ENFORCEMENT, ICE FIELD
OFFICE DIRECTOR FOR THE
ORLANDO FIELD OFFICE, and
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

     Respondents.

_____/

## ORDER

Petitioner is a citizen of Venezuela who was apprehended by United States Border Patrol officers on July 9, 2019, after he unlawfully entered the United States from Mexico at the Texas border. (Dkt. 13-1 at 3.) On that day, Petitioner was released on his own recognizance and allowed to live in the United States for over six years, (Dkt. 1 at 15, 20), until early January 2026, when he was first taken into the detention at issue in this case, (*see* Dkt. 11-2 at 1). On January 22, 2026, Petitioner initiated this case by filing a pleading titled Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Emergency Injunctive and Declaratory Relief through which he sought his immediate release from Respondents' custody. (Dkt. 1.) Petitioner maintained that 8 U.S.C. § 1226—not 8 U.S.C. § 1225—applied to his detention, entitling him to a bond hearing before an immigration judge, and he asked the court to order his immediate release arguing that such a bond hearing would be

illusory.  (*See* Dkt. 15 at 4.)  Respondents countered that 8 U.S.C. § 1225 applied such that Petitioner was not entitled to a bond hearing, and they asserted in the alternative that if 8 U.S.C. § 1226 applied, the proper remedy was a bond hearing, not Petitioner's immediate release.  (*See* Dkt. 15 at 4.)

On February 6, 2026, the court concluded that 8 U.S.C. § 1226 applied, (*see, e.g.*, Dkt. 15 at 8 ("[S]ection 1226 applies to noncitizens 'already present in the United States.'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)))), and thus ordered Respondents to "ensure that Petitioner ha[d] a bond hearing before an immigration judge" by February 11, 2026, (*id.* at 15).  At a February 11, 2026 bond hearing, an immigration judge ordered Petitioner released from Respondents' custody under a bond of $5,000.  (Dkts. 25, 28-1.)  According to Petitioner, despite the immigration judge's order and Petitioner's willingness to pay the bond, Petitioner remained in Respondents' custody after the bond hearing due to administrative difficulties with the payment process.  At a February 12, 2026 status conference, the court effectuated the immigration judge's order by requiring Respondents to release Petitioner on that day and requiring Petitioner to post the bond by the next day.  (*See* Dkt. 27.)  Petitioner reports that the bond was timely paid in full in accordance with Respondents' payment instructions and the court's order.  (Dkt. 29.)

In summary, after he received the bond hearing to which he was entitled under section 1226, Petitioner was released from Respondents' custody in exchange for payment of the required bond.  Accordingly, this case is **DISMISSED**, and the Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on February 17, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record